UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHARLES WAYNE DEVERNA, JR.,<br><br>                                  Plaintiff,<br>v.<br><br>STATE OF NEVADA, *et. al.*,<br><br>                                 Defendants. | Case No. 3:15-cv-00384-MMD-WGC<br><br>ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE WILLIAM G. COBB |

**I.   SUMMARY**

Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge William G. Cobb (ECF No. 32) relating to Defendant's motion to dismiss or, alternatively, motion for summary judgment ("Motion") (ECF Nos. 16, 24.) Plaintiff filed a response (ECF No. 28) and a cross-motion for summary judgment regarding the Eighth Amendment deliberate indifference claim ("Cross-Motion") (ECF No. 29). Defendants filed a reply in support of their motion (ECF No. 30), as well as a response to Plaintiff's cross-motion for summary judgment (ECF No. 30). Plaintiff filed an Objection to the R&R (ECF No. 34) and Defendants filed a response to Plaintiff's Objection (ECF No. 35).

After careful review and for the reasons discussed below, the Court adopts the R&R in full.

**II.   BACKGROUND**

Plaintiff, an inmate proceeding pro se, brought two claims pursuant to 42 U.S.C. § 1983 arising out of incidents that occurred while he was placed at Northern Nevada

Correctional Center ("NNCC").[1] (ECF No. 36 at 1.) In the Amended Screening Order, the Court permitted Plaintiff to proceed with two claims arising from the Nevada Department of Corrections' ("NDOC") failure to provide corrective surgery for Plaintiff's umbilical hernia: (1) an Eighth Amendment deliberate indifference to serious medical needs claim; and (2) an Americans with Disabilities Act/Rehabilitation Act ("ADA/RA") claim. (ECF No. 5 at 1-8.) The relevant background, which the Court adopts, is set out in the R&R. (*See* ECF No. 32 at 1-3.)

## III. LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to the magistrate judge's report and recommendation, then the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* In light of Plaintiff's objections, the Court has engaged in a de novo review to determine whether to adopt Magistrate Judge Cobb's recommendations. Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review any issue that is not the subject of an objection). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g., Johnstone*, 263 F. Supp. 2d at

---

[1] Plaintiff is currently placed at Warm Springs Correctional Center ("WSCC"). (ECF No. 32 at 14.)

2

1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

## IV. DISCUSSION

### A. Deliberate Indifference Claim

Plaintiff's Objection (ECF No. 34) is two pages in length and contains seven pages of exhibits. Plaintiff makes no new arguments but reiterates that a failure to receive corrective surgery for his hernia is exposing him to future harm because of the possibility that the hernia could become incarcerated or strangulated. (ECF No. 34 at 1.)

To satisfy a deliberate indifference claim, the plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to the plaintiff's health." *Snow v. McDaniel*, 681 F.3d 978, 988 (9th Cir. 2012) (internal quotations omitted). Moreover, a delay in receiving medical treatment, as alleged by Plaintiff, is actionable only where the plaintiff demonstrates that the delay led to further injury. *McGuckin v. Smith*, 974 F.3d at 1050, 1060 (9th Cir. 1992). Yet, Plaintiff fails to demonstrate that his hernia has gotten any worse such that corrective surgery is required.

As the Magistrate Judge noted, Dr. Mar admits that Plaintiff's hernia qualifies as a sufficiently serious medical condition (*see* ECF Nos. 32 at 15 and 30 at 6) but the Ninth Circuit has held that "[a] difference of opinion between a physician and the prisoner — or between medical professionals — concerning what medical care is appropriate does not amount to deliberate indifference." *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir 2016). The Court finds that the evidence presented in the record and as summarized in the R&R (*see* ECF No. 32 at 9-15) fails to demonstrate that corrective surgery was the only appropriate solution to treat Plaintiff's hernia during the relevant time period.

Plaintiff also states that during visits with Dr. Mar after his transfer from NNCC to WSCC, he informed Dr. Mar that the abdominal belt that the doctor had prescribed was causing Plaintiff pain. (ECF No. 34 at 2.) Yet, the exhibits that Plaintiff attaches to his

Objection do not indicate that he has filed any subsequent grievances regarding this claim and none of the grievances or medical kites in the record allege that Dr. Mar ignored Plaintiff's alleged complaint that the abdominal belt was causing him pain. (*See id.* at 6-9.) Therefore, the Court finds that Dr. Mar's recommendations that Plaintiff lose weight, use the abdominal belt to hold in the hernia, and physically reduce the hernia, do not demonstrate a lack of deliberate indifference to Plaintiff's serious medical needs.[2]

### B.    ADA/RA Claim

Plaintiff does not address the failure to exhaust administrative remedies with regards to his ADA/RA claim. Because Plaintiff does not contest the Magistrate Judge's reasoning or recommendation, the Court accepts and adopts the Magistrate Judge's recommendation to dismiss this claim without prejudice. *See Thomas*, 474 U.S. at 149.

Having reviewed the R&R, the briefs relating to Defendants' Motion, Plaintiff's Cross-Motion, and Plaintiff's Objection, the Court agrees with the Magistrate Judge's well-reasoned analysis and recommendations. The Court will therefore adopt the R&R.

## V.    CONCLUSION

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge William G. Cobb (ECF No. 32) is accepted and adopted in full.

It is ordered that Defendants' motion for summary judgment (ECF No. 16) is granted with respect to the Eighth Amendment deliberate indifference claim. Defendants' motion for summary judgment is also granted with respect to Plaintiff's ADA/RA claim, but dismissal of the ADA/RA claim is without prejudice based on Plaintiff's failure to exhaust his administrative remedies. Defendants' preemption motion to dismiss (ECF No. 16) is denied as moot.

It is further ordered that Plaintiff's cross-motion for summary judgment (ECF No. 29) is denied.

---

[2] Plaintiff also states that after the issuance of the R&R, he has been approved for surgery to repair his hernia. (ECF No. 34 at 2.)

The Clerk is directed to enter judgment in accordance with this Order and close this case.

DATED THIS 21th day of February 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE